# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 14-10194-01-EFM

JOSEPH ANTHONY RANSOM,

    *Defendant.*

## MEMORANDUM AND ORDER

In 2015, a jury found Joseph Ransom guilty of various federal gun and drug offenses. He is currently serving a sentence of 60 months' imprisonment. He appealed his conviction, and that appeal is currently pending. He has also filed a motion in this Court, asking the Court to reverse or vacate the judgment in his case (Doc. 189). Because the Court is without jurisdiction in this case while the appeal is pending, Ransom's motion is denied.

### I. Factual and Procedural Background

In December 2014, Defendant Joseph Ransom was charged with one count of manufacturing more than 100 marijuana plants, one count of possessing more than 100 marijuana plants with the intent to distribute, and one count of possessing firearms in furtherance of a drug trafficking crime. At his arraignment, Ransom sought to waive his right to counsel and

proceed pro se.  Magistrate Judge Kenneth G. Gale accepted Ransom's waiver and appointed Steven K. Gradert as standby counsel.

In February 2015, a superseding indictment added one count of felon in possession of a firearm.  Also in February, this Court undertook inquiry of Ransom, in accordance with *Faretta v. California*.[1]  The Court determined that Ransom's competency was at issue and ordered a psychiatric or psychological examination.  In April, Gradert moved to withdraw as standby counsel.  Shortly thereafter, the psychiatric examination of Ransom was completed and found no evidence of a psychotic disorder.  In May, the Court held a hearing to address Ransom's competency examination and Gradert's motion to withdraw.  At that hearing, Ransom constantly interjected and objected to the Court's authority.  Despite the Court's orders, Ransom's disruptions intensified in both volume and frequency until the Court ultimately held him in criminal contempt.  In light of Ransom's in-court behavior, the Court denied Gradert's motion to withdraw, revoked Ransom's pro se status, and appointed Gradert as Ransom's regular counsel.

Ransom's case ultimately proceeded to a jury trial.  The jury found Ransom guilty on all counts.  He was sentenced on November 12, 2015, and is currently serving a 60 month sentence.  Ransom filed a timely notice of appeal, and that appeal is currently pending.  Oral argument before the Tenth Circuit is scheduled for March 21, 2017.

On December 27, 2016, Ransom filed the instant motion "pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure."  Ransom contends that Judge Gale improperly granted his motion to proceed pro se without holding a *Faretta* hearing.  Rule 60 allows for relief from a judgment or order in a civil case.  Subsection (b)(3) provides that upon a party's motion, the

---

[1] 422 U.S. 806 (1975.

Court may relieve that party from a final judgment, order, or proceeding due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

The Government filed a response on January 18, 2017, asserting that in light of Ransom's appeal, this Court is without jurisdiction because the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[2]  The Government also pointed out the fact that "Rule 60(b) does not apply to a criminal proceeding."[3]

Apparently enlightened by the Government's response, Ransom filed a reply on January 30, 2017 (Doc. 193).  In that reply, Ransom represented that he wished to "amend his prior motion, to correct jurisdiction error, and classify his motion as 28 U.S.C. 2255 petition and application for relief."  Yet on March 13, 2017, Ransom filed a supplement in which he contends that Rule 60(a) allows the Court to correct mistakes in an order or judgment "with the appellate court's leave."  In addition, Ransom pointed out that Rule 60(d)(3) does not limit the Court's power to "set aside a judgment for fraud on the court."  Accordingly, Ransom suggests that the Court either (1) seek leave from the Tenth Circuit to correct its alleged mistake under Rule 60(d)(3), or (2) rule on his motion under Rule 60(d)(3).

## II.    Analysis

It is unclear whether Ransom is seeking relief under § 2255 or rather persisting in his attempt to apply the rules of civil procedure to his criminal case.  The lack of clarity stems from Ransom's supplement, which seeks a remedy under Rule 60.  In his reply, he seems to admit a jurisdictional defect and seeks to amend his Rule 60 motion to one brought under § 2255.  But

---

[2] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).

[3] *United States v. Gonzalez-Bueno*, 510 F. App'x 718, 719 (10th Cir. 2013).

Ransom subsequently went on to file a supplement. The supplement does not address the reply, but it appears that Ransom has abandoned his attempt to amend his orginial filing to a § 2255 motion, and seeks to move forward under Rule 60. In any event, the Court need not wade through this legal quagmire. Regardless of which avenue Ransom attempts to use, consideration of his arguments is improper at this time.

**A. To the extent that Ransom moves under § 2255, consideration is improper at this time.**

The Tenth Circuit has recognized that "there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending."[4] But the Court "should only do so in extraordinary circumstances."[5] For example, the Court can consider a § 2255 motion when its issues are completely distinct from the issues on appeal.[6] Or the Court can consider a § 2255 "when the motion raises a substantial question about the integrity of the government's prosecution."[7] In his motion, Ransom alleges only that Judge Gale erred by allowing him to proceed pro se without holding a *Feretta* hearing. The Court cannot speculate as to what arguments Ransom has raised on appeal, but Ransom has not indicated that his § 2255 motion is any way distinct from the appeal that is currently before the Tenth Circuit. Nor does his allegation cast doubt as to the integrity of the Government's prosecution.

Because Ransom has not shown that his motion is distinct from his appeal and it does not cast doubt as to the integrity of the Government's prosecution, Ransom's arguments are

---

[4] *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006).

[5] *Id.*

[6] *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008) (citing *Prows*, 448 F.3d at 1228-29).

[7] *Id.*

improper for consideration under § 2255 at this time. Accordingly, the Court will construe Ransom's motion as one brought under Rule 60 of the Federal Rules of Civil Procedure.

**B. The Court is without jurisdiction to consider the Ransom's Rule 60 motion.**

Subject to narrow exceptions, such as the § 2255 exceptions listed above, "the filing of a notice of appeal divests a district court of jurisdiction."[8] The filing of a Rule 60 motion is not an exception to this general rule.[9] Because Ransom's direct appeal is currently pending, the Court is without jurisdiction to consider his motion brought under Rule 60 of the Federal Rules of Civil Procedure.

Nor does Rule 60(a), which Ransom cites, create an exception to the general rule.[10] Rule 60(a) governs corrections based on clerical mistakes, oversights, and omissions. A district court may make such corrections while an appeal is pending "only with the appellate court's leave." Here, Ransom is not alleging a mere clerical error or an omission. Rather, he is requesting that the Court vacate his sentence. Accordingly, Rule 60(a) does not apply.

### III. Conclusion

Because Ransom's appeal is currently pending, this Court is without jurisdiction to consider the motion he brings under Rule 60 of the Federal Rules of Civil Procedure. Furthermore, even if the Court were to consider Ransom's motion as one brought under § 2255, consideration would be improper at this time because he has not shown that this is an

---

[8] *United States v. Brown*, 290 F. App'x 157, 159 (10th Cir. 2008).

[9] *Id.* (holding that the district court was without jurisdiction to consider a Rule 60 motion while a direct appeal was pending).

[10] Neither does Rule 60(d)(3), which Ransom also cites. Rule 60(d)(3) does not address his jurisdiction problem in any way.

extraordinary circumstance warranting such review.  Accordingly, Ransom's motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Ransom's Motion Pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure (Doc. 189) is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 21st day of March, 2017.

                                      ERIC F. MELGREN
                                      UNITED STATES DISTRICT JUDGE