### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. JOSEPH ANTHONY RANSOM, *Defendant.* | Case No. 14-10194-01-EFM |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Joseph Anthony Ransom's Motion to Reduce Sentence – First Step Act (Doc. 237). He seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.   Factual and Procedural Background

On July 23, 2015, Defendant was convicted by jury of four counts: (1) manufacturing of controlled substances – marijuana, in violation of 21 U.S.C. § 841(a)(1); (2) possession, with intent to distribute controlled substances – marijuana, in violation of 21 U.S.C. § 841(a)(1); (3) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922 (g)(1). On November 12, 2015, Defendant was sentenced to 121 months' imprisonment.

The Tenth Circuit affirmed his convictions and sentence.[1] Defendant filed a postconviction petition under 28 U.S.C. § 2255, which was denied. The Tenth Circuit denied Defendant a certificate of appealability and dismissed his § 2255 appeal.[2]

Defendant is 35 years old, and he is currently incarcerated at Yazoo City Low FCI. There have been 87 positive cases in the facility in which Defendant is housed, and three inmates have died.[3] Currently, there are no active inmate cases, five active staff cases, and 109 pending inmate tests. Defendant's projected release date is June 9, 2023.

On October 5, 2020, Defendant, pro se, filed a motion seeking early release from prison due to the dangers of the COVID-19 pandemic. District of Kansas Standing Orders 19-1 and 20-8 appoint the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and brought on grounds related to the COVID-19 pandemic. In this case, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[4] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the

---

[1] *United States v. Ransom*, 691 F. App'x 504 (10th Cir. 2017).

[2] *United States v. Ransom*, 773 F. App'x 471 (10th Cir. 2019).

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 23, 2020).

[4] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[5] The administrative exhaustion requirement is jurisdictional and cannot be waived.[6]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[7] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[8]

---

[5] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[6] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[7] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[8] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.     Analysis

Defendant seeks early release based on the dangers of the current COVID-19 pandemic. The government asserts that Defendant fails to present an extraordinary or compelling reason.

**A.     Exhaustion**

Defendants states that he filed two written requests with the Warden referencing COVID-19 and the threat of it in the federal prison system.  Defendant also states that those requests remain unanswered.  The government does not address Defendant's contention and whether Defendant exhausted his administrative remedies.  Thus, it is unclear whether Defendant exhausted his administrative remedies.   Nevertheless, the Court will consider whether Defendant presents and extraordinary and compelling reason warranting release.

**B.     Extraordinary and Compelling Reasons**

Defendant simply states that the threat and potential danger of the current COVID-19 pandemic warrant his early release from prison.  He does not identify any underlying health conditions that he suffers from that would make him more susceptible to severe complications should he contract COVID-19.  Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[9]  This is particularly so in this case because there are no active inmate cases in the prison in which Defendant is housed.  Thus, Defendant fails to present the Court with extraordinary and compelling reasons warranting a reduction in his prison term.

---

[9] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.")).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 237) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of November, 2020.

                                                 ERIC F. MELGREN
                                                 UNITED STATES DISTRICT JUDGE